IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRONSON NAKAAHIKI, #A6001816,<br><br>Plaintiff,<br><br>vs.<br><br>KAUAI POLICE DEPARTMENT,<br><br>Defendant. | CIVIL NO. 25-00401 DKW-KJM<br><br>ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND |

Before the Court is pro se Plaintiff Bronson Nakaahiki's Prisoner Civil Rights Complaint brought pursuant to 42 U.S.C. § 1983.[1] ECF No. 1. In the Complaint, Nakaahiki asserts claims against the Kauai Police Department ("KPD") based on various interactions with KPD officers on unspecified dates. ECF No. 1 at PageID.5-11. After conducting the required screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court DISMISSES the Complaint with partial leave to amend. If Nakaahiki wants to proceed, he must file an amended pleading that cures the noted deficiencies in his claims on or before **October 20, 2025**. Alternatively, instead of filing an amended pleading, Nakaahiki may inform the

---

[1] Nakaahiki is currently incarcerated at the Halawa Correctional Facility. *See* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A6001816"; and select "Search") (last visited Sept. 22, 2025).

Court in writing on or before **October 20, 2025** that he would like to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).[2]

## I.   STATUTORY SCREENING

The Court is required to screen all in forma pauperis prisoner complaints filed against government officials, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the

---

[2]In general, 28 U.S.C. § 1915(g) prohibits a prisoner from filing a civil action in forma pauperis if he or she has on three or more occasions brought an action in federal court that was dismissed as frivolous or malicious, or for failing to state a claim upon which relief may be granted.

facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, however, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.    BACKGROUND

The Complaint alleges the following facts, which the Court accepts as true for the purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014). On an unspecified date, three men "mob[b]ed" Nakaahiki and called the police. ECF No. 1 at PageID.5. Nakaahiki's eyes were swollen shut, his jaw was "messed up," and his shoulder was dislocated. *Id.* When a KPD officer arrived at the scene, Nakaahiki told the officer that the three men had assaulted him, but only Nakaahiki was booked. *Id.*

During a second incident, two KPD officers stopped Nakaahiki while he was driving, and the officers told Nakaahiki that there was an outstanding warrant for his arrest. *Id.* at PageID.6. Previously, Nakaahiki had been pulled over by another

KPD officer, but that officer did not say anything about a warrant. *Id.* Nakaahiki described this earlier encounter to the two officers, showed them the ticket he had received, and asked to see the warrant. *Id.* After throwing away the ticket, the two officers "yank[ed]" Nakaahiki out of his vehicle and "slam[med]" him to the ground. *Id.* While being held down, Nakaahiki told the officers that he could not breathe, but they did not stop. *Id.*

Nakaahiki also alleges that KPD officers "pull[ed] [him] to the side" every day, asked him where he was going and what he was doing, and told him to go home. *Id.* at PageID.7. On one occasion, Nakaahiki was shot with water. *Id.*

Nakaahiki commenced this lawsuit by signing the Complaint on September 1, 2025. *Id.* at PageID.8. In six counts, Nakaahiki asserts various claims against the KPD. *Id.* at 5-7, 9-11. Nakaahiki seeks $900 billion in damages. *Id.* at PageID.8. The Court granted Nakaahiki's Application to Proceed In Forma Pauperis by a Prisoner, ECF No. 2, on September 19, 2025, ECF No. 3.

### III.   DISCUSSION

**A.   Legal Framework for Claims under 42 U.S.C. § 1983**

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'" *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (quoting 42 U.S.C. § 1983) (alteration in original). To state a claim under 42 U.S.C. §1983,

4

a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

**B.    Defendant KPD**

The only defendant named in this action is the KPD. ECF No. 1 at PageID.1. Because the KPD is a division of the County of Kauai, it is not separately subject to suit under 42 U.S.C. § 1983. *See Bullock v. Honolulu Police Dep't*, Civ. No. 23-00394 JMS-KJM, 2023 WL 6604306, at *2-3 (D. Haw. Oct. 10, 2023). Any claims against the KPD are therefore DISMISSED with prejudice. *See Scaperotta v. Kauai Police Dep't*, Civil No. 20-00542 LEK-KJM, 2021 WL 1009293, at *3 (D. Haw. Mar. 16, 2021) (dismissing claims against the Kauai Police Department). To the extent Nakaahiki seeks to assert claims against the KPD, he must name as a defendant the County of Kauai. In deciding whether to pursue such claims, he also must consider the following legal standards.

**C.    Municipal Liability Claims**

*Monell v. Department of Social Services*, 436 U.S. 658, 690-95 (1978), "established that municipalities can be liable for infringement of constitutional rights, under certain circumstances." *Horton ex rel. Horton v. City of Santa Maria*, 915 F.3d 592, 602 (9th Cir. 2019). "In particular, municipalities may be liable

under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Id.* at 602-03. "A plaintiff must . . . show 'deliberate action attributable to the municipality [that] directly caused a deprivation of federal rights.'" *Id.* at 603 (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 415 (1997)). "[W]hile *Monell* claims cannot predicate municipal liability for constitutional violations of its officers under the theory of respondeat superior, such claims are still contingent on a violation of constitutional rights." *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (internal quotation marks and citations omitted).

  Here, Nakaahiki has not plausibly alleged that the KPD officers acted pursuant to an official policy; that their actions were consistent with a pervasive practice or custom; that the KPD failed to train, supervise, or discipline the officers; or that the officers' actions were the result of decision of a final policymaker. Nor, for the reasons set forth below, has he plausibly alleged that his constitutional rights were violated. Unless and until Nakaahiki states a plausible claim based on municipal liability, any claims against the County of Kauai cannot proceed.

**D.     Statute of Limitations**

Section 1983 does not contain its own statute of limitations.  Instead, "[a]ctions brought pursuant to 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions." *Knox v. Davis*, 260 F.3d 1009, 1012–13 (9th Cir. 2001) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)).  In general, the statute of limitations for personal injury actions in Hawaii is two years.  *See* Haw. Rev. Stat. § 657-7; *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019).  Under federal law, which governs the accrual of a claim under 42 U.S.C. § 1983, a cause of action generally accrues when the plaintiff "knows or has reason to know of the injury that is the basis of the action." *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015).

Here, Nakaahiki does not say when any of the alleged events occurred.  He must be mindful of the statute of limitations if he chooses to file an amended pleading.

**E.     Excessive Force**

In Count II, Nakaahiki alleges that two KPD officers used excessive force.  ECF No. 1 at PageID.6.

"The operative question in excessive force cases is whether the totality of the circumstances justifie[s] a particular sort of search or seizure." *Cnty. of Los Angeles v. Mendez*, 581 U.S. 420, 427–28 (2017) (quotation marks and citation

omitted) (brackets in original).  "The reasonableness of the use of force is evaluated under an 'objective' inquiry that pays careful attention to the facts and circumstances of each particular case." *Id.* at 428 (quotation marks omitted). "Whether a use of force was reasonable will depend on the facts of the particular case, including, but not limited to, whether the suspect posed an immediate threat to anyone, whether the suspect resisted or attempted to evade arrest, and the severity of the crime at issue." *S.R. Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019).  In addition, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.  "That inquiry is dispositive: When an officer carries out a seizure that is reasonable, taking into account all relevant circumstances, there is no valid excessive force claim." *Mendez*, 581 U.S. at 428.

Before any claim against Kauai County based on an alleged use of excessive force by KPD officers can proceed, Nakaahiki must provide additional details regarding the circumstances of his arrest.  *See Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) (noting that courts must consider "the type and amount of force inflicted," the severity of the crime at issue, whether the suspect poses an immediate threat, and whether the suspect is actively resisting arrest or attempting to evade arrest).

8

### F. Equal Protection

In Count VI, Nakaahiki refers to "equality of rights equal protection." ECF No. 1 at PageID.11.

The Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The Equal Protection Clause requires the State to treat all similarly situated people equally." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (quotation marks and citation omitted). In general, "[t]o state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Id.* (quotation marks and citation omitted).

Nakaahiki has not plausibly alleged that he is a member of a protected class, nor has he plausibly alleged that any KPD officer intentionally or purposefully discriminated against him because of that membership.

### G. State Criminal Law

Although Nakaahiki seeks relief solely pursuant to 42 U.S.C. § 1983, he appears to base some his claims on state criminal statutes. *See* ECF No. 1 at PageID.9-10 (referring to "negligent injury in the first" and "negligent injury in the second"). He cannot do this. *See Buckheit v. Dennis*, 713 F. Supp. 2d 910, 919

9

(N.D. Cal. 2010) ("As a general rule, a violation of state law does not lead to liability under § 1983."); *see also Beitch v. Wheeler*, No. CV 15-00872-VBF (GJS), 2015 WL 13752415, at *5 n.3 (C.D. Cal. Nov. 16, 2015) (stating that a violation of a state criminal law provision is not a basis for relief under 42 U.S.C. § 1983), *report and recommendation adopted*, No. CV 15-00872-VBF (GJS), 2015 WL 13762928 (C.D. Cal. Dec. 21, 2015). If Nakaahiki chooses to file an amended pleading, he must plausibly allege that a defendant's conduct caused a violation of his federal civil rights, not a violation of state criminal law.

## IV.    LEAVE TO AMEND

The Complaint, ECF No. 1, is DISMISSED with partial leave to amend. Nakaahiki must file any amended pleading on or before **October 20, 2025**. Nakaahiki may not expand his claims beyond those already alleged herein or add new claims, such as those against individual police officers, without explaining how those new claims relate to the claims alleged in the Complaint. Claims that do not properly relate to those in the Complaint are subject to dismissal.

Nakaahiki must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights

form. *See* LR99.2(a). An amended complaint will supersede the preceding complaint. *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

## V.     28 U.S.C. § 1915(g)

If Nakaahiki fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. §1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.    CONCLUSION

(1) The Court DISMISSES with prejudice Nakaahiki's claims against the KPD.

(2) If Nakaahiki wants pursue claims against Kauai County, he must file an amended pleading that cures the noted deficiencies in his claims on or before **October 20, 2025.**

(3) ALTERNATIVELY, instead of filing an amended pleading, Nakaahiki may inform the Court in writing on or before **October 20, 2025** that he would like to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).

(4) Failure to comply with these deadlines may result in AUTOMATIC DISMISSAL of this suit without further notice, and Nakaahiki may incur a strike under 28 U.S.C. § 1915(g).

(5) The Clerk is DIRECTED to send Nakaahiki a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED: September 22, 2025 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
Derrick K. Watson
Chief United States District Judge

---

*Bronson Nakaahiki v. Kauai Police Department*; Civil No. 25-00401 DKW-KJM; **ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND**