IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRONSON NAKAAHIKI, #A6001816,<br><br>        Plaintiff,<br><br>    vs.<br><br>KAUAI POLICE DEPARTMENT OFFICERS,<br><br>        Defendants. | CIVIL NO. 25-00401 DKW-KJM<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

Before the Court is pro se Plaintiff Bronson Nakaahiki's First Amended

Prisoner Civil Rights Complaint (FAC) brought pursuant to 42 U.S.C. § 1983.[1]

ECF No. 5.  In the FAC, Nakaahiki asserts claims against an unspecified number

of unnamed Kauai Police Department ("KPD") officers based on various events

that occurred during unidentified years.  ECF No. 5 at PageID.37-39, 41-43.  After

conducting the required screening pursuant to 28 U.S.C. §§ 1915(e)(2) and

1915A(a), the Court DISMISSES the FAC with leave to amend.  If Nakaahiki

wants to proceed, he must file an amended pleading that cures the noted

---

[1]Nakaahiki is currently incarcerated at the Halawa Correctional Facility.  *See* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A6001816"; and select "Search") (last visited Oct. 10, 2025).

deficiencies in his claims on or before **November 7, 2025**. Alternatively, instead

of filing an amended pleading, Nakaahiki may inform the Court in writing on or

before **November 7, 2025** that he would like to voluntarily dismiss this action

pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not

count as a "strike" under 28 U.S.C. § 1915(g).[2]

## I.   STATUTORY SCREENING

The Court is required to screen all in forma pauperis prisoner complaints

filed against government officials, pursuant to 28 U.S.C. §§ 1915(e)(2) and

1915A(a). *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).

Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or

seek damages from defendants who are immune from suit must be dismissed. *See*

*Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v.*

*Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same

standard as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v.*

*Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a

complaint must "contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[2]In general, 28 U.S.C. § 1915(g) prohibits a prisoner from filing a civil action in forma pauperis if he or she has on three or more occasions brought an action in federal court that was dismissed as frivolous or malicious, or for failing to state a claim upon which relief may be granted.

(internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a claim cannot be saved by amendment, however, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.   BACKGROUND

The FAC alleges the following facts, which the Court accepts as true for the purposes of screening.  *See Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014). On March 15 of an unspecified year, three men "mob[b]ed" Nakaahiki and called the police.  ECF No. 5 at PageID.37.  Nakaahiki's eyes were swollen shut, his jaw was "messed up," and his shoulder was dislocated.  *Id.*  When unnamed KPD officers arrived at the scene, Nakaahiki stated that the three men had assaulted him, but they were not arrested.  *Id.*

During a second undated incident, KPD officers stopped Nakaahiki while he was driving and told him that he had an outstanding arrest warrant.  *Id.* at

3

PageID.38.  When Nakaahiki asked to see the warrant, he was "slam[m]ed to the ground."  *Id.*  While being held down, Nakaahiki told the officers that he could not breathe, but they did not stop.  *Id.*  Nakaahiki also alleges that "every day" since his release following this incident, he has been "harassed."  *Id.* at PageID.39.

Nakaahiki commenced this lawsuit by signing the original Complaint on September 1, 2025.  *Id.* at PageID.8.  The Court granted Nakaahiki in forma pauperis status on September 19, 2025.  ECF No. 3.  On September 22, 2025, the Court dismissed the original Complaint with partial leave to amend.  ECF No. 4. The Court explained, among other things, that Nakaahiki could not sue the KPD, he had not alleged a plausible municipal liability claim against the County of Kauai, and he could not rely on state criminal statutes to assert claims under 42 U.S.C. § 1983.  *Id.* at PageID.24-30.

The Court received the FAC on October 2, 2025.  *Id.* at PageID.25.  In the FAC's six counts, Nakaahiki again asserts various claims against an unspecified number of unnamed KPD officers based on the same undated events described in the original Complaint.  *Id.* at 37-39, 41-43.  Nakaahiki seeks $900 billion in damages.  *Id.* at PageID.40.

### III.  DISCUSSION

### A.    Legal Framework for Claims under 42 U.S.C. § 1983

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'"  *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (quoting 42 U.S.C. § 1983) (alteration in original).  To state a claim under 42 U.S.C. §1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

### B.    Rule 8

Rule 12(b)(6) is read in conjunction with Rule 8.  *Zixiang Li v. Kerry*, 710 F.3d 995, 998-99 (9th Cir. 2013).  Federal Rule of Civil Procedure 8(a)(2) requires every pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  One of the reasons for this requirement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

The Supreme Court has explained that "the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than

an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (cleaned up). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (cleaned up). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (cleaned up).

Here, the FAC does not meet the requirements of Rule 8. Although Nakaahiki alleges that various KPD officers violated his rights, he does not say in what year these events occurred. *See Tamayo v. City of Glendale*, No. 19-cv-10284, 2020 WL 136633, at *1 (C.D. Cal. Jan. 13, 2020) ("Plaintiff fails to allege the basic who, what, when, where, and why of his claims against Defendants."); *see also McGinnis v. Halawa Corr. Facility*, No. 20-00567, 2021 WL 115654, at *3 (D. Haw. Jan. 12, 2021) (concluding that pleading did not satisfy Rule 8 because it did not state, among other things, when the complained-of conduct occurred).

Nakaahiki also does not state how each KPD officer allegedly violated his rights. For example, he does not say which KPD officer or officers used excessive force, or which officer or officers have been harassing him and why. If Nakaahiki decides to file another amended pleading, he must specify what each officer did or failed to do to violate his rights under federal law. If he has the name or names of the officers at issue, he should clearly state as much. All Nakaahiki's claims are

therefore DISMISSED with leave to amend.  In choosing between filing a second amended pleading or dismissing this action without incurring a strike, Nakaahiki should also consider the following procedural and substantive standards.

## C.      Joinder

When a single defendant is named, a party may bring as many claims as it has against that defendant.  Fed. R. Civ. P. 18(a).  "To name different defendants in the same lawsuit, however, a plaintiff must satisfy Rule 20, governing joinder of parties." *Weeks v. Espinda*, No. 10-00305, 2010 WL 2218631, at *3 (D. Haw. June 2, 2010).  Rule 20(a)(2) allows multiple defendants to be joined in one action only if (1) any right to relief is asserted against them jointly, severally, or with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action.  Fed. R. Civ. P. 20(a)(2)(A), (B).  "Unrelated claims involving different defendants belong in different suits." *What v. Honolulu Police Dep't*, No. 13-00373, 2014 WL 176610, at *4 (D. Haw. Jan. 13, 2014).

If Nakaahiki decides to file an amended complaint, he should make clear the connection, if any, between different claims.  Nakaahiki may state several claims against a single defendant.  Fed. R. Civ. P. 18.  He may also add any additional claims against other defendants, if those claims arise from the same transaction, occurrence, or series of transactions as his original claim.  Fed. R. Civ. P. 20(a)(2).

Nakaahiki may not pursue a combination of unrelated claims in a single suit.  *See*

*Char v. Kaiser Hosp.*, No. 18-00345, 2019 WL 80890, at *3 (D. Haw. Jan. 2,

2019) ("Unrelated claims involving different defendants must be brought in

separate actions.").  Any attempt to join claims that are not permitted by the

Federal Rules of Civil Procedure will result in those claims being dismissed as

improperly joined.

**D.     Statute of Limitations**

Section 1983 does not contain its own statute of limitations.  Instead,

"[a]ctions brought pursuant to 42 U.S.C. § 1983 are governed by the forum state's

statute of limitations for personal injury actions."  *Knox v. Davis*, 260 F.3d 1009,

1012–13 (9th Cir. 2001) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)).  In

general, the statute of limitations for personal injury actions in Hawaii is two years.

*See* Haw. Rev. Stat. § 657-7; *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th

Cir. 2019).  Under federal law, which governs the accrual of a claim under

42 U.S.C. § 1983, a cause of action generally accrues when the plaintiff "knows or

has reason to know of the injury that is the basis of the action."  *Belanus v. Clark*,

796 F.3d 1021, 1025 (9th Cir. 2015).

Here, Nakaahiki does not say in what year any of the alleged events

occurred.  He must be mindful of the statute of limitations if he chooses to file an

amended pleading.

**E.     Doe Defendants**

Doe defendants are generally disfavored because it is effectively impossible for the United States Marshals to serve an anonymous defendant. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Sometimes, however, a plaintiff cannot know the names of all defendants prior to bringing suit. In such instances, a plaintiff may refer to unknown defendants as John or Jane Doe, alleging specific facts showing how each Doe defendant violated his rights. The plaintiff may then use the discovery process to obtain the names of Doe defendants and, once they are identified, seek leave to amend to name those defendants. But a plaintiff may not use "Doe" placeholders if it is clear that discovery will not uncover their identities, or that the complaint will be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

Here, for any claims against unnamed KPD officers to proceed, Nakaahiki must refer to the unknown officers as John Doe 1, John Doe 2, John Doe 3, and so on, and he must allege facts to show how each officer violated his federal rights.

**F.     Law Enforcement**

In Count I, Nakaahiki alleges that KPD officers chose not to arrest three men who had "mob[b]ed" him. ECF No. 5 at PageID.37. In general, Nakaahiki cannot pursue any claims based solely on a police officer's decision regarding an investigation or arrest. *See Van Hook v. Idaho*, No. 1:21-CV-00199, 2022 WL

9

344439, at *9 (D. Idaho Feb. 4, 2022) ("Plaintiff has no constitutional or common law right to have his civil rights complaints and potential criminal complaints investigated or prosecuted by the FBI, the United States Attorney General, or any other governmental entity."); *see also Est. of Macias v. Ihde*, 219 F.3d 1018, 1028 (9th Cir. 2000) ("It is well established that there is no constitutional right to be protected by the state against being murdered by criminals or madmen.") (cleaned up).

## G.   Excessive Force

In Count II, Nakaahiki alleges that two KPD officers used excessive force. ECF No. 5 at PageID.38.

"The operative question in excessive force cases is whether the totality of the circumstances justifie[s] a particular sort of search or seizure." *Cnty. of Los Angeles v. Mendez*, 581 U.S. 420, 427–28 (2017) (quotation marks and citation omitted) (brackets in original). "The reasonableness of the use of force is evaluated under an 'objective' inquiry that pays careful attention to the facts and circumstances of each particular case." *Id.* at 428 (quotation marks omitted). "Whether a use of force was reasonable will depend on the facts of the particular case, including, but not limited to, whether the suspect posed an immediate threat to anyone, whether the suspect resisted or attempted to evade arrest, and the severity of the crime at issue." *S.R. Nehad v. Browder*, 929 F.3d 1125, 1132 (9th

10

Cir. 2019).  In addition, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."  *Graham*, 490 U.S. at 396.  "That inquiry is dispositive: When an officer carries out a seizure that is reasonable, taking into account all relevant circumstances, there is no valid excessive force claim." *Mendez*, 581 U.S. at 428.

Nakaahiki is reminded that before any excessive force claim can proceed, he must provide additional details regarding the circumstances of his arrest.  *See Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) (noting that courts must consider "the type and amount of force inflicted," the severity of the crime at issue, whether the suspect poses an immediate threat, and whether the suspect is actively resisting arrest or attempting to evade arrest).

## H.    Equal Protection

In Count VI, Nakaahiki again refers to "equality of rights equal protection." ECF No. 5 at PageID.43.

The Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  "The Equal Protection Clause requires the State to treat all similarly situated people equally."  *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (quotation marks and citation omitted).  In general, "[t]o state a claim under

42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth

Amendment a plaintiff must show that the defendants acted with an intent or

purpose to discriminate against the plaintiff based upon membership in a protected

class." *Id.* (quotation marks and citation omitted).

Nakaahiki still has not plausibly alleged that he is a member of a protected

class, nor has he plausibly alleged that any KPD officer intentionally or

purposefully discriminated against him because of that membership.

## I.      State Criminal Law

Although Nakaahiki seeks relief solely pursuant to 42 U.S.C. § 1983, he

again appears to base some his claims on state criminal statutes. *See* ECF No. 5 at

PageID.41-42 (referring to "negligent injury in the first" and "negligent injury in

the second"). As the Court has already explained to Nakaahiki, he cannot do this.

*See Buckheit v. Dennis*, 713 F. Supp. 2d 910, 919 (N.D. Cal. 2010) ("As a general

rule, a violation of state law does not lead to liability under § 1983."); *see also*

*Beitch v. Wheeler*, No. CV 15-00872-VBF (GJS), 2015 WL 13752415, at *5 n.3

(C.D. Cal. Nov. 16, 2015) (stating that a violation of a state criminal law provision

is not a basis for relief under 42 U.S.C. § 1983), *report and recommendation*

*adopted*, No. CV 15-00872-VBF (GJS), 2015 WL 13762928 (C.D. Cal. Dec. 21,

2015). If Nakaahiki chooses to file an amended pleading, he must plausibly allege

that a defendant's conduct caused a violation of his federal civil rights, not a

violation of state criminal law.

## IV.    LEAVE TO AMEND

The FAC, ECF No. 5, is DISMISSED with leave to amend.  Nakaahiki must

file any amended pleading on or before **November 7, 2025**.  Nakaahiki may not

expand his claims beyond those already alleged herein or add new claims, such as

those against individual police officers, without explaining how those new claims

relate to the claims alleged in the FAC.  Claims that do not properly relate to those

in the FAC are subject to dismissal.

Nakaahiki must comply with the Federal Rules of Civil Procedure and the

Local Rules for the District of Hawaii.  Local Rule 10.4 requires that an amended

complaint be complete in itself, without reference to any prior pleading.  An

amended complaint must be short and plain, comply with Rule 8 of the Federal

Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights

form.  *See* LR99.2(a).  An amended complaint will supersede the FAC.  *See*

*Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

Defendants not renamed and claims not realleged in an amended complaint may be

deemed voluntarily dismissed.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928

(9th Cir. 2012).

## V.   28 U.S.C. § 1915(g)

If Nakaahiki fails to file an amended complaint or is unable to amend his

claims to cure their deficiencies, this dismissal may count as a "strike" under

28 U.S.C. §1915(g).  Under this "3-strikes" provision, a prisoner may not bring a

civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or
> detained in any facility, brought an action or appeal in a court of the
> United States that was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.   CONCLUSION

(1) The Court DISMISSES the FAC, ECF No. 5, with leave to amend.

(2) If Nakaahiki wants to proceed, he must file an amended pleading that

cures the noted deficiencies in his claims on or before **November 7, 2025**.

(3) ALTERNATIVELY, instead of filing an amended pleading, Nakaahiki

may inform the Court in writing on or before **November 7, 2025**, that he would

like to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure

41(a)(1), and such a dismissal will not count as a "strike" under 28 U.S.C.

§ 1915(g).

(4) Failure to comply with these deadlines may result in AUTOMATIC DISMISSAL of this suit without further notice, and Nakaahiki may incur a strike under 28 U.S.C. § 1915(g).

(5) The Clerk is DIRECTED to send Nakaahiki a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED: October 10, 2025 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

*Bronson Nakaahiki v. Kauai Police Department*; Civil No. 25-00401 DKW-KJM;
**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**